IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NUMBER 6:19-CR-00026-JDK** |
| **v.** | § § § § | |
| **JOHN RYAN JOHNSON** | § § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 4, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant John Ryan Johnson. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Receipt and Distribution of Child Pornography, a Class C felony. This offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on total offense level of 34 and criminal history category of I, was 151 to 188 months. On December 19, 2007, U.S. District Judge Hayden Head of the Southern District of Texas sentenced Defendant to 180 months imprisonment, followed by a lifetime term of supervised release subject to the standard conditions of release, plus special conditions to include comply with sex offender registration, mental health treatment, one year location monitoring with curfew requirements, sex offender treatment and testing, drug testing, restrictions on owning or possessing a computer without approval, and restrictions from contact with minors and frequent places where children gather.

On April 10, 2019, U.S. District Judge Nelva Gonzales Ramos of the Southern District of Texas modified Defendant's conditions of supervised release to include drug testing and treatment, financial disclosure for employment and restitution, mental health treatment, restrictions from contact with minors without adult supervision approved by the probation officer, restrictions from sexually explicit materials, compliance with sex offender registration, sex offender treatment and testing with payment requirements, and restrictions from portable electronics, internet, internet-capable devices, electronic storage devices, and camera equipment.

On April 24, 2019, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas approved and ordered the transfer of jurisdiction to the Eastern District of Texas.

On January 8, 2020, Defendant completed his period of imprisonment and began service of the supervision term.

On March 15, 2022, the Court in the Eastern District of Texas modified Defendant's conditions of supervised release to include computer monitoring software requirements. On January 9, 2023, the Court modified Defendant's conditions of supervised release to include placement in a residential reentry center for 180 days due to Defendant's homeless status. On June 26, 2023, the Court modified Defendant's conditions of supervised release to include placement in a residential reentry center for an additional 180 days.

Under the terms of supervised release, Defendant was required to reside in a residential reentry center or similar facility for a period of up to 180 days to commence on July 26, 2023, and to observe the rules of the residential reentry center. In its petition, the government alleges that Defendant violated his conditions of supervised release on November 28, 2023, when Defendant was unsuccessfully discharged from the residential reentry center for failing to comply with the rules of the reentry center.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by failing to comply with the rules of the residential reentry center, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release, or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above by failing to comply with the rules of the residential reentry center as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 6 months imprisonment, followed by a lifetime term of supervised release to include the following additional special conditions of supervised release: (1) Defendant shall reside in a residential reentry center for up to 180 days immediately upon release and must following the rules of the facility; and (2) Defendant shall submit to a search of Defendant's person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of Defendant's conditions of supervision.

The court therefore **RECOMMENDS** that Defendant John Ryan Johnson's plea of true be accepted and he be sentenced to 6 months imprisonment, followed by a lifetime term of supervision, to include the additional special conditions of supervised release detailed above. The

parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 5th day of December, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE