IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| | § | **CASE NUMBER 6:19-CR-00026-JDK** |
| **v.** | § § § § | |
| **JOHN RYAN JOHNSON,** | § § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On July 31, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant John Ryan Johnson. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt.

Defendant originally pled guilty to the offense of Receipt and Distribution of Child Pornography, a Class C Felony. The United States Sentencing Guideline range for these offenses, based on a total offense level of 34 and a criminal history category of I, was 151 to 188 months. The offense carried a maximum imprisonment term of 20 years. On December 19, 2007, District Judge Hayden Head of the Southern District of Texas sentenced Defendant to 180 months imprisonment followed by a lifetime term of supervised release, subject to the standard conditions of release, plus special conditions to include comply with Sex Offender Registration, mental health treatment, on year location and monitoring with curfew requirements, sex offender treatment and testing, testing for drug abuse, restrictions on owning/possessing computers, and restrictions on contact with minors and frequenting places where children gather. Defendant has since had

1

conditions modified and has had his supervised release revoked on December 6, 2023. On June 3, 2024, Defendant completed his term of imprisonment and began service of his second and current term of supervision.

Under the terms of supervised release, Defendant was required to reside in a residential reentry center for up to 180 days. In Allegation 2 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he was unsuccessfully discharged from the residential reentry center on July 14, 2024. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being unsuccessfully discharged from the residential reentry center, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 7 months imprisonment, with lifetime supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 7 months imprisonment, with lifetime supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Bastrop, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 2nd day of August, 2024.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE