IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 6:19-CR-00026-JDK** |
| | § | |
| | § | |
| | § | |
| **JOHN RYAN JOHNSON** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed February 10, 2026, alleging that Defendant, John Ryan Johnson, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

John Ryan Johnson was sentenced on December 19, 2007, before The Honorable Hayden W. Head, Jr., of the Southern District of Texas, after pleading guilty to the offense of Receipt and Distribution of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 34 and a criminal history category of I, was 151 to 188 months. Johnson was subsequently sentenced to 180 months' imprisonment followed by a lifetime term of supervised release subject to the standard conditions of release, plus special conditions to include: comply with sex offender registration; mental health treatment; one year of location monitoring with curfew requirements;

1

sex offender treatment and testing; testing for drug abuse; restrictions from owning or possessing a computer without approval; and restrictions from contact with minors and frequenting places where children gather.

On April 10, 2019, the conditions were modified by the Honorable Nelva Gonzales Ramos in the Southern District of Texas to include testing and treatment for drug abuse; Financial Disclosure for employment and restitution; mental health treatment and medication; restrictions from contact with minors unless supervised by an adult approved by the probation officer; restrictions from sexually explicit material; comply with sex offender registration; sex offender treatment and testing with payment requirements; and restrictions from portable electronics, internet and internet-capable devices, electronic storage devices, and camera equipment.

A transfer of jurisdiction was also initiated and approved by the Southern District of Texas on April 10, 2019.   On April 24, 2019, the transfer of jurisdiction was approved and ordered by the Honorable Jeremy D. Kernodle in the Eastern District of Texas.

## II.  The Period of Supervision

On January 8, 2020, Johnson completed his period of imprisonment and began service of the supervision term.

On March 15, 2022, the court in the Eastern District of Texas modified Johnson's conditions to include computer monitoring software requirements.

On January 9, 2023, the court modified Johnson's conditions to include placement in a residential reentry center for 180 days due to his homeless status.

On June 26, 2023, the court again modified Johnson's conditions for an additional 180-day placement in a residential reentry center due to his homeless status. His placement date was due to expire on January 21, 2024, with 54 days remaining of his 180-day placement.

On December 6, 2023, Johnson's initial term of supervision was revoked by the court to 6 months' imprisonment followed by a lifetime term of supervised release, with additional conditions ordered to include a sex offender search condition and placement in a residential reentry center for up to 180 days due to his homeless status.

On June 3, 2024, Johnson was released to begin service of the second term of supervised release.

On June 11, 2024, the court agreed to a modification of conditions to include restrictions involving renting a storage unit or Post Office box; restrictions from areas, locations, employment, or activities where minors congregate; restrictions from unauthorized internet-capable devices; and computer monitoring restrictions.

On August 7, 2024, Johnson's second term of supervision was revoked by the court to 7 months' imprisonment followed by a lifetime term of supervised release.

On February 13, 2025, Johnson completed his period of imprisonment and began service of his third term of supervised release.

On August 18, 2025, the court modified Johnson's conditions to include that Johnson must reside at Godtel homeless shelter located in Nacogdoches, Texas.

### III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations.  The petition alleges that Johnson violated the following conditions of release:

Allegation 1. You must answer truthfully the questions asked by your probation officer.

Allegation 2. You shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. You must also refrain from the purchase, possession, or use of digital cameras, digital recorders; or any other type of recording and/or photographic equipment.

Allegation 3. You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined under 18 U.S.C. § 2256(2)(A) This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs. You must not patronize any place where such material or entertainment is available. You must not use any sex-related telephone numbers. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material.

Allegation 4. You must participate in a sex offender treatment program. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session.

### IV. Proceedings

On February 24, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation.  Defendant agreed to plead "true" to the first allegation that claimed he failed to answer questions truthfully asked by his probation officer by lying regarding his computer use.   In return, the parties agreed that he should serve a term of 15 months' imprisonment with a lifetime of supervised release to follow.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.   The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to answer questions truthfully asked by his probation officer by lying regarding his computer use, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than life.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date a defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date a defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to answer questions truthfully asked by his probation officer by lying regarding his computer use. Based upon Defendant's plea of "true" to this allegation of the Petition

for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 15 months with a lifetime of supervised release to follow. This upward variance is appropriate due to the nature of the violation conduct, as well as his numerous violations and revocations.

## VII. Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a standard condition of release by failing to answer questions truthfully asked by his probation officer by lying regarding his computer use. The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. Defendant should be sentenced to a term of 15 months' imprisonment with a lifetime of supervised release to follow.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when Defendant was originally sentenced in this case and as subsequently modified shall be re-imposed. Such conditions are set forth in the Judgment and the Modification Orders, and the rationale for these conditions is

contained in the Defendant's Presentence Investigation Report and in his Petitions to Modify and/or Revoke.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 25th day of February, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE